UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeremy Adam CLAYTON, a/k/a Jeremy
Adam Johnson, Defendant–Appellant.

No. 90–5377
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 30, 1991.

Leon Daniel Watts, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Linda Collins Hertz, and Alice Ann Burns, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from a sentence given appellant following his conviction on two felony counts.

Although appellant was given an opportunity to object to the PSI, the trial court did not elicit from him any objections which he had to the sentencing proceedings as required by this Court in *United States v. Jones*, 899 F.2d 1097 (11th Cir.1990).

Upon sentencing, the trial court immediately stated to the Marshal that he should execute the sentence. Defense counsel merely thanked the court and departed. In *Jones*, this Court stated:

> To ensure in future cases that all objections are raised in the trial court and that the ground for each objection is clearly stated we now exercise our supervisory power over the district courts, *see Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *McNabb v. United States*, 318 U.S. 332, 340, 63 S.Ct. 608, 613, 87 L.Ed. 819 ...

and instruct the district courts to elicit fully articulated objections, following the imposition of sentence, to the Court's ultimate findings of fact and conclusions of law.

. . . . .

> Where the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections.... The procedure that we announce today is to be followed for all sentences imposed after the expiration of one hundred and twenty days following the date of this opinion.

*Id.* at 1102, 1103.

The date of the *Jones* opinion was April 30, 1990. The trial court entered its final judgment in the instant case on August 30, 1990. Thus, it was one day after the day the procedure became effective.

Consistent with this opinion, we therefore vacate the sentence and remand for further proceedings consistent with *United States v. Jones*.

The sentence is VACATED and the case is REMANDED for resentencing.